IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ADAM HILL,                                                                                      PLAINTIFF
ADC #601559

v.                                              4:24CV00518-JM-JTK

STUKEY, et al.                                                                              DEFENDANTS

# ORDER

Adam Hill ("Plaintiff") is in custody at the Tucker Unit of the Arkansas Division of Correction ("ADC"). He filed a pro se complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 2) and a Motion to Proceed in forma pauperis ("IFP Motion"), which was granted (Doc. Nos. 4, 6). The Court must screen Plaintiff's claims pursuant to the Prison Litigation Reform Act ("PLRA") and in forma pauperis statute.

I.     Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). See also 28 U.S.C. § 1915(e) (screening requirements).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**II.   Discussion**

Plaintiff sued WellPath Medical Corporation and fifteen individuals (collectively, "Defendants") alleging deliberate indifference to his serious medical needs and retaliation. (Doc. No. 2). Plaintiff complains that certain Defendants were deliberately indifferent to certain medical conditions and retaliated against him. (Id.). The medical conditions Plaintiff complains of range from swollen, bleeding, peeling gums to being denied a Covid-19 booster shot to nose bleeds to vision problems to a swollen ankle. (Id.). Plaintiff's Complaint and its attachments contain allegations against individuals not named as Defendants. (Id.). Plaintiff seeks damages and "declaratory and prospective relief." (Id. at 5).

**A.   Permissive Joinder of Defendants**

A plaintiff may bring multiple, unrelated claims in a lawsuit against a single defendant. FED. R. CIV. P. 18. But a different rule applies when a plaintiff sues multiple defendants in the same case. Rule 20 of the Federal Rules of Civil Procedure governs permissive joinder of parties. FED. R. CIV. P. 20. Under Rule 20, Defendants may be joined in one action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

FED. R. CIV. P. 20(a)(2)(A)-(B).  "[A]ll 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974) (internal citation omitted).

"On motion or on its own, the court may at any time, on just terms, add or drop a party." FED. R. CIV. P. 21.

Here, the Court is not clear if Plaintiff intended to sue the individuals mentioned in his Complaint but not named as Defendants.  Further, not all of Plaintiff's claims are logically related; not all Defendants are properly joined in this case.  For example, the alleged denial of a Covid-19 booster shot is not based on the same transaction or occurrence as the alleged denial of care for a swollen ankle, and the facts involved in the analysis of the claims would differ.

The Court will give Plaintiff the chance to amend his Complaint to select which claims he prefers to pursue in this case.  Plaintiff should only join Defendants if Plaintiff's claims against those Defendants arise out of the same transaction, occurrence, or series of transactions and occurrences, and common questions of law or fact will arise.

**B.   Amended Complaint**

Plaintiff may amend his Complaint to cure the defects explained above.  If Plaintiff decides to amend, Plaintiff should submit to the Court, within thirty (30) days of the entry date of this Order, a superseding Amended Complaint that contains in a single document his claims against all Defendants he is suing.  Plaintiff is cautioned that an Amended Complaint renders his original Complaint without legal effect.  Only claims properly set out in the Amended Complaint will be allowed to proceed.  Therefore, Plaintiff's Amended Complaint should comply with the requirements of Rule 20 of the Federal Rules of Civil Procedure.  Plaintiff's Amended Complaint

should also: **1) name each party he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner, including dates, times, and places if possible; 3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) explain the reasons for an official capacity claim, if he makes one; 5) explain how each defendant's actions harmed him personally; 6) explain the relief he seeks; and 7) otherwise cure the defects explained above and set out viable claims.**

The Court notes that "a short and plain statement of the claim showing that" the plaintiff is entitled to relief is sufficient.   FED. R. CIV. P. 8(a)(2).

If Plaintiff does not submit an Amended Complaint, I will select which claims should proceed in this case.   I may recommend that certain claims or Defendants be dismissed without prejudice.

### III. Conclusion

IT IS, THEREFORE, ORDERED that:

1. If Plaintiff wishes to submit an Amended Complaint for the Court's review, he must file the Amended Complaint consistent with the above instructions within thirty (30) days from the date of this Order.   If Plaintiff does not submit an Amended Complaint, I will select which claims should proceed in this case.   I may recommend that certain claims or Defendants be dismissed without prejudice.

2. The Clerk of the Court is directed to mail Plaintiff a blank 42 U.S.C. § 1983 Complaint form.

Dated this 19th day of July, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE