IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ADAM HILL,                                                                                              PLAINTIFF
ADC #601559

v.                                            4:24CV00518-JM-JTK

STUKEY, et al.                                                                                        DEFENDANTS

## ORDER

Adam Hill ("Plaintiff") has filed twelve Motions to Compel. (Doc. No. 75-86). Defendant Billingsley has responded to each. (Doc. No. 87). For the reasons set out below, Plaintiff's Motions at Doc. Nos. 75, 76, 77, 78, 80, 83, 84, 85 and 86 are DENIED; Plaintiff's Motion (Doc. No. 79) is GRANTED as to interrogatory 12 and otherwise DENIED; Plaintiff's Motion (Doc. No. 81) is GRANTED as to interrogatories 1 and 9 and otherwise DENIED; and Plaintiff's Motion (Doc. No. 82) is GRANTED as to interrogatory 1 and otherwise DENIED.

As background, only Plaintiff's claims against Defendants Billingsley and Wellpath, LLC remain pending. Plaintiff alleged that Defendant Billingsley refused to see Plaintiff at sick call on July 19, 2022, in retaliation for his use of the grievance process.

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as follows:

> Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1).

The party bringing a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. P. 37(a)(1); Rule 7.2(g) of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas.

The Court notes that Plaintiff did not include with any of his Motions any response to the discovery he propounded or a statement that he in good faith tried to resolve any disagreements over discovery before filing his Motions. Plaintiff's failure to include a statement that he tried in good faith to resolve the dispute before turning to the Court is alone sufficient reason to deny Plaintiff's Motions. Local Rule 7.2(g). Additionally, the Court denied certain of Plaintiff's Motions for the reasons set out below.

I.      Doc. No. 75

In this Motion, Plaintiff asked the Court to order Defendants to respond to interrogatory numbers 11, 12, 13, 17, 18, 19, and 23 of Plaintiff's first set of interrogatories.

The Court denied Plaintiff's earlier Motion to Compel regarding interrogatory numbers 11 and 12. (Doc. No. 46). Regardless, Defendant Billingsley supplemented her response to interrogatory number 11. (Doc. No. 87-2). The Court stands by its earlier ruling regarding interrogatory number 12. (Doc. No. 46).

Defendant Billingsley also supplemented her response to interrogatory number 19. (Id.).

Defendant Billingsley previously produced Plaintiff's medical records, which is responsive to interrogatory numbers 13 and 23. (Doc. No. 87-1).

Interrogatories 17 ("Does Wellpath medical have a policy on Employee conduct and discipline?") and 18 ("Has 'Ms. Huff' ever complained to you about Plaintiff filing grievances

2

against her") seek information that is not within the scope of discoverable information as contemplated by Rule 26(b)(1).

Considering the above, Plaintiff's Motion (Doc. No. 75) is denied.

**II.     Doc. No. 76**

In this Motion, Plaintiff asked the Court to order Defendants to respond to interrogatory numbers 3, 7, 9, 10, 11, 12, 13, 14, 15, 17, and 23 of Plaintiff's second set of interrogatories.

Defendant Billingsley supplemented her responses to interrogatory numbers 11, 17, and 23 (Doc. No. 87-5). The Court had denied Plaintiff's Motion to Compel regarding interrogatory number 23 in an earlier order. (Doc. No. 46).

Interrogatory number 3 asked whether Defendant Billingsley "consider[s] Covid-19 symptoms a serious medical problem." (Doc. No. 87-4 at 3). She objected to the question as seeking an improper opinion/conclusion, among other things. (Id.). The Court finds this question overbroad, as Covid-19 symptoms can range from nothing more than a runny nose to much more serious health issues.

Defendant Billingsley's response to interrogatory number 7 that she does not specifically recall what time sick call was concluded on July 19, 2022, is sufficient. (Id. at 4).

In response to interrogatory numbers 9, 10, 12, 13, 14, and 15 Defendant Billingsley referred Plaintiff to medical records produced. These responses are also sufficient. (Id. at 4-6).

Considering the above, Plaintiff's Motion (Doc. No. 76) is denied.

**III.    Doc. No. 77**

In this Motion, Plaintiff asked the Court to order Defendants to respond to request numbers 1 and 6 of Plaintiff's first set of requests for admissions.

RFA 1 reads: "You went through a training course provided by Wellpath Medical on how to conduct yourself with inmates." (Doc. No. 87-16 at 2). Defendant Billing objected to the request as vague and admitted that she was provided training. (Id.).

RFA 6 reads: "Nurse Rester refused to see Plaintiff at sick call on 8-11-2022 for the blisters on his gums." (Id. at 3). Defendant Billingsley responded that she could neither admit nor deny the actions of Ms. Rester and thus denied the request. (Id.).

The Court finds these responses sufficient. Plaintiff's Motion (Doc. No. 77) is denied.

### IV.    Doc. No. 78

In this Motion, Plaintiff asked the Court to order Defendants to produce documents responsive to requests for production 4, 5, and 6.

The Court had denied Plaintiff's Motion to Compel regarding RFP numbers 4 and 5 in an earlier order and granted Plaintiff's Motion regarding RFP number 6. (Doc. No. 46). Defendant Billingsley supplemented her response to RFP number 6. (Doc. No. 87-15). Accordingly, Plaintiff's Motion (Doc. No. 78) is denied as moot.

### V.    Doc. No. 79

In this Motion, Plaintiff asked the Court to order Defendants to respond to interrogatory numbers 5, 6, 8, 10, 14, 16, and 17 of his second set of interrogatories and interrogatory numbers 6, 7, 11, and 12 of his third set of interrogatories.

<u>Second Set of Interrogatories</u>

Defendant Billingsley supplemented her response to interrogatory numbers 5, 8, 10. (Doc. No. 87-7). Interrogatory number 10 reads: "When you denied Plaintiff sick call because he was on the yard to get fresh air for Covid-19 symptoms shouldn't he have been rescheduled?" (Id. at 3). Defendant Billingsley objected to the interrogatory as assuming facts not in evidence,

4

among other things. (Id.). The Court finds Defendant Billingsley's objection appropriate. Her supplemented responses to interrogatory numbers 5 and 8 are also sufficient.

In response to interrogatory numbers 6, 14, 16, and 17, Defendant Billingsley referred Plaintiff to medical records produced. These responses are also sufficient. (Doc. No. 87-6. at 3, 7).

Third Set of Interrogatories

Interrogatory number 6 asked about a provision of Section L of the Operational Policy. (Doc. No. 88-1 at 3). Defendant Billingsley responded that the policy speaks for itself, among other things. Her response was sufficient.

In interrogatory number 7, Plaintiff asked if a copy of the operational policy/procedure manual was made available to Defendant Billingsley anytime she needed clarification on a medical issue. (Id.). Defendant Billingsley responded, among other things, that the policies were available for review. (Id.). The Court finds this response sufficient.

Defendant Billingsley objected to interrogatory number 11 as calling for an improper opinion from her. (Id. at 4). She also referred Plaintiff to medical records produced. (Id.). The Court finds this response sufficient to the interrogatory as drafted.

The Court directs Defendant Billingsley to supplement her response to interrogatory number 12, which asked if she saw "both sick call requests for Covid-19 symptoms on 7-19-22."

Considering the above, Plaintiff's Motion (Doc. No. 79) is granted as to interrogatory 12 and otherwise denied.

**VI.    Doc. No. 80**

In this Motion, Plaintiff asked the Court to order Defendants to produce documents responsive to request numbers 1, 5 or 6, and 7 of Plaintiff's first set of requests for production.

5

Because of the writing in the Motion, is unclear if Plaintiff sought documents regarding RFP 5 or 6, so the Court will consider both.

In RFP number 1, Defendant Billingsley responded that no "copy of the sick call dated 7-19-22" was located. (Doc. No. 87-13 at 1).

In RFP number 5, Plaintiff asked Defendant Billingsley to produce "a copy of any witness statements regarding the grievance filed on 7-19-22." (Id. at 3). Defendant Billingsley responded that she is not in possession of grievance documents.

In RFP number 6, Plaintiff asked Defendant Billingsley to produce "a copy of what time sick call started and ended." (Id.). Defendant objected to the request as vague and ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. (Id.). The Court agrees that, as written, this RFP is vague and ambiguous.

In RFP number 7, Plaintiff asked for a copy of "how many nurses were doing sick call on 7-19-22." Defendant Billingsley responded that she lacked knowledge and information about how many nurses were working that day.

Defendant Billingsley's responses were sufficient. Plaintiff's Motion (Doc. No. 80) is denied.

**VII.    Doc. No. 81**

In this Motion, Plaintiff asked the Court to order Defendants to respond to interrogatory numbers 1, 2, 4, 5, 8, 9, and 14 of his first set of interrogatories.

Defendant Billingsley referred Plaintiff to his medical records in response to interrogatory numbers 2, 4, and 5. These responses are sufficient.

In interrogatory number 1, Plaintiff asked whether "Wellpath medical and the ADC [are] still under the 2021 Covid-19 Plan" on July 19, 2022. (Doc. No. 87-3 at 2). Defendant

6

Billingsley objected to the interrogatory as vague and ambiguous. The Court directs Defendant Billingsley to supplement her response to reflect whether she has knowledge of a 2021 Covid-19 Plan and, if so, whether the Plan was still in place on July 19, 2022.

Defendant Billingsley's response to interrogatory number 8 is sufficient.

Interrogatory number 9 asks if it is ADC or Wellpath policy "to deny an inmate sick call who went to yard call." Defendant Billingsley objected to this interrogatory as vague and ambiguous. The Court disagrees. Defendant Billingsley is directed to supplement her response to reflect whether she has personal knowledge about such a policy, and, if so, if there is such a policy.

Defendant Billingsley's response to she is unable to say how long it normally takes her to complete a sick call, as requested in interrogatory number 14, is sufficient.

Considering the above, Plaintiff's Motion (Doc. No. 81) is granted as to interrogatories 1 and 9 and otherwise denied.

**VIII.   Doc. No. 82**

In this Motion, Plaintiff asked the Court to order Defendants to respond to interrogatory numbers 1 and 2 of his second set of interrogatories.

Interrogatory number 2 asks: "If an inmate puts in a medical call for Covid-19 symptoms and problems breathing is this considered a priority sick call?" (Doc. No. 87-8 at 2-3). Defendant Billingsley objected to the interrogatory as vague and ambiguous, among other things. (Id. at 2-3). Defendant Billingsley is directed to supplement her response as follows. If it is within her personal knowledge, she should explain if there is a category of sick calls known as "priority sick calls." If so, Defendant Billingsley should explain which sick calls fall within that category.

Interrogatory number 3 asks Defendant Billingsley if she refilled Plaintiff's medications when needed. (Id. at 3). She responded to the interrogatory as vague and ambiguous, among other things. (Id.). The Court agrees—"when needed" could refer to when Plaintiff believed he needed medication, when a prescription expired, after another provider cancelled a prescription, etc.

Considering the above, Plaintiff's Motion (Doc. No. 82) is granted as to interrogatory 1 and otherwise denied.

### IX.   Doc. No. 83

In this Motion, Plaintiff asked the Court to order Defendants to respond to interrogatory numbers 10 and 13 of his third set of interrogatories.

Interrogatory number 10 asks: "If plaintiff would have tested positive for Covid019 on 7-19-22, what actions would medical and security have taken?" (Doc. No. 87-10 at 4). Defendant Billingsley objected to this interrogatory as speculative, among other things. (Id.). The Court agrees.

The Court also agrees that interrogatory number 13, which asked Defendant Billingsley if she had ever been written up on a grievance before 7-19-22 for refusing inmates sick call, does not restrict itself to discoverable information. (Id.). As drafted the interrogatory is overbroad.

### X.   Doc. No. 84

In this Motion, Plaintiff asked the Court to order Defendants to respond to interrogatory numbers 1, 5, 10, and 11 of his fourth set of interrogatories.

Defendant Billingsley referred Plaintiff to his medical records in response to interrogatory numbers 1 and 5. These responses are sufficient.

Interrogatory number 10 asked Defendant Billingsley had been laid off from or fired from a clinic, hospital, or jail, and, if so, for what. She objected to the interrogatory as irrelevant. The Court agrees.

Interrogatory number 11 asked Defendant Billingsley if she "actually read the Plaintiff's sick call [she] refused on 7-19-2022." Defendant Billingsley denied refusing Plaintiff a sick call request on 7-19-2022. Her response was sufficient.

Considering the above, Plaintiff's Motion (Doc. No. 84) is denied.

### XI.  Doc. No. 85

In this Motion, Plaintiff asked the Court to order Defendants to respond to interrogatory numbers 3 and 10 of his fifth set of interrogatories.

Defendant Billingsley referred Plaintiff to his medical records in response to interrogatory number 3. (Doc. No. 87-12 at 1). This response is sufficient.

Interrogatory number 10 asks Defendant Billingsley if she had access to the ADC E-omis on 7-19-22. (Id. at 4). She responded that she lacks the knowledge to answer this question. This response is sufficient.

Considering the above, Plaintiff's Motion (Doc. No. 85) is denied.

### XII.  Doc. No. 86

In this Motion, Plaintiff asks the Court "to order the Defendants to answer the enclosed Requests for Admission admit or deny. Defendants basically ignored my Requests for Admission." (Doc. No. 86 at 1).

Plaintiff's blanket motion that encompasses over 70 requests for admission is denied. He did not specify which answers he contested or why, and the Court already address certain requests in connection with his Motion at Doc. No. 77. The Court has reviewed Defendant Billingsley's

responses. Without further explanation from Plaintiff, the responses do not appear in violation of the Federal Rules of Civil Procedure.

IT IS SO ORDERED this 23rd day of July, 2025.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE